UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEPHANIE DARROUGH,

PLAINTIFF

v.                    CIVIL ACTION NO. 1:20cv01041-SOH

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,                    DEFENDANT

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Stephanie Darrough, and states as follows:

PARTIES AND JURISDICTION

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln admits that Plaintiff was, at certain times, employed by Senior Living Communities of Arkansas, LLC ("Senior Living") and was, at certain times, a participant in the Senior Living Communities of Arkansas LLC Long-Term Disability Plan (the "Plan").  Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Senior Living, which Policy, at certain times, insured benefits paid by the Plan.  Lincoln admits it was the claims administrator of claims for the Plan under the Policy.  Lincoln specifically denies that it was the Plan Administrator of the Plan.  Lincoln admits that it is incorporated in Indiana and is lawfully authorized to do business in Arkansas.  Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974,

as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.    Lincoln admits this Court has jurisdiction over this action and that venue of this action is proper in this Court.  To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## FACTS

4.    Lincoln admits that Plaintiff was, at certain times, employed by Senior Living and a participant in the Plan.  Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents.  Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 4 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents.  Lincoln admits that, at certain times, Plaintiff received benefits from the Plan.  Lincoln admits it sent a letter to Plaintiff's counsel dated September 18, 2019, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated September 18, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it issued the Policy which, at certain times, insured benefits paid by the Plan. Lincoln admits that it was the claims administrator of claims for the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan under the Policy, along with attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan under the Policy, along with interest, but Lincoln denies Plaintiff is

**3**

entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.    Lincoln admits the governing jurisdiction of the Policy is Arkansas. To the extent that the allegations contained in Paragraph 10 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

No response is required to the "WHEREFORE" Paragraph of the Complaint as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.    Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

**4**

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 2nd day of October 2020.

Respectfully submitted,

By:     /s/ Iwana Rademaekers
       Iwana Rademaekers (Texas Bar # 16452560)
       LAW OFFICES OF IWANA RADEMAEKERS, P.C.
       14785 Preston Road, Suite 550
       Dallas, Texas 75254
       Main:  (214) 579-9319
       Fax:  (469) 444-6456
       Email:  iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**5**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Daniel A. Webb, Esq.
dwebblaw@att.net

October 2, 2020                   /s/ Iwana Rademaekers
Date                              Iwana Rademaekers

**6**